UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 20-cr-00257-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| TERESSIA GARNER (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is a Motion for Hearing regarding garnishment (Doc. 79) filed by Defendant's spouse, Anthony Garner. The motion arises out of the Government's application for writ of continuing garnishment against Mr. Garner for his wages. Mr. Garner argues that he is not responsible for the "separate obligation" of his wife; that the Government has not satisfied the statutory requirements for garnishment of his wages; and that his wages are exempt from garnishment.

The motion for hearing is denied. Under Louisiana law, Defendant has an undivided interest in Mr. Garner's wages, and that interest is "property" under 28 U.S.C. § 3205(a) that can be garnished and applied to Defendant's restitution obligation. Community assets can be seized to satisfy a separate or community obligation incurred by either spouse. La. Civ. Code art. 2345. This includes Defendant's restitution obligation.

Mr. Garner's arguments that the Government has not satisfied the statutory requirements for garnishment and that his wages are exempt from garnishment are not well-founded. The government has, in fact, complied with all of the statutory requirements for the garnishment of Mr. Garner's wages. With respect to the claimed exemptions, Mr.

Garner checked exemptions for wearing apparel, fuel, books and tools of the trade, unemployment benefits, undelivered mail, annuity and pension payments, and workers compensation. Those claimed exemptions have absolutely no application to the Government's garnishment of Mr. Garner's wages.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of August, 2022.

                                          Mark L. Hornsby
                                          U.S. Magistrate Judge